NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MOGTABA MORADISHAMLOO,

Petitioner,

v.

TODD LYONS, et al.,

Respondents.

Civil Action No. 26-cv-02420

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Petitioner's Motion to Enforce Judgment. (ECF No. 11.) The Court has carefully reviewed parties' submissions (ECF Nos. 11, 12, 13) and the record. For the reasons that follow, the Motion is DENIED.

I.      BACKGROUND

On March 23, 2026, this Court granted in part Petitioner's habeas petition pursuant to 28 U.S.C. § 2241, finding that Petitioner's prolonged detention without an individualized bond hearing raised serious due process concerns under the Fifth Amendment. (ECF No. 9.) Consistent with controlling Third Circuit precedent, the Court ordered that Petitioner be afforded an individualized bond hearing at which the Government would bear the burden of establishing, by clear and convincing evidence, that continued detention was necessary to prevent risk of flight or danger to the community. (Id.)

That relief was rooted in the Third Circuit's directive that once immigration detention becomes unreasonably prolonged, due process requires a bond hearing with heightened procedural safeguards, including a burden shift to the Government. See German Santos v. Warden Pike

*County Corr. Facility*, 965 F.3d 203, 213–15 (3d Cir. 2020) (holding that when detention becomes unreasonable, "the Government must justify continued detention by clear and convincing evidence"); *see also Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–34 (3d Cir. 2011) (holding that immigration detention is constitutionally permissible only for a reasonable period and becomes increasingly suspect as it grows prolonged).

The record reflects that, on March 30, 2026, Petitioner received the ordered bond hearing before an Immigration Judge. (ECF No. 10.) At that hearing, the Immigration Judge expressly applied this Court's burden-shifting framework and determined that the Government failed to meet its burden. (*See id.*) The Immigration Judge granted bond, setting conditions of release in the amount of $35,000. (*Id.*; ECF No. 10-1.)

Petitioner seeks enforcement of this Court's prior Order, arguing that the bond amount imposed is so excessive as to constitute a *de facto* denial of release and therefore fails to cure the underlying constitutional violation. (ECF No. 11 at 6, 8; ECF No. 13.)

Respondents contend that the Court's March 23, 2026 Order has been fully satisfied. (ECF No. 12.) They further argue that Petitioner's challenge improperly targets the discretionary bond amount set by the Immigration Judge, a determination that falls outside the scope of this Court's habeas review once a constitutionally adequate hearing has been provided. (*Id.* at 2–3.)

## II.    DISCUSSION

Petitioner's motion requires the Court to define the scope of its habeas authority in the context of immigration detention—specifically, whether that authority extends beyond ensuring a constitutionally adequate bond hearing to reviewing the substance of the Immigration Judge's discretionary bond determination.

The Third Circuit has made clear that the constitutional injury arising from prolonged

2

immigration detention is remedied by process, not a judicially imposed outcome. In *German Santos*, the court held that once detention becomes unreasonable, the detainee is entitled to a bond hearing at which the Government bears the burden of justification. 965 F.3d at 213–14. Likewise, *Diop* emphasized that due process requires "an individualized inquiry into whether detention is still necessary," not automatic release. 656 F.3d at 231 (explaining that continued detention must be justified through proper procedures).

These cases establish a procedural guarantee—not a substantive entitlement to release on particular terms.

Here, the Court's March 23, 2026 Order required that Respondents provide Petitioner with a fundamentally fair bond hearing conducted under the correct legal standard. The record demonstrates that Respondents complied fully with that directive. The Immigration Judge (1) conducted an individualized hearing within the timeframe ordered, (2) placed the burden on the Government, and (3) found that the Government failed to establish risk of flight or danger by clear and convincing evidence. (ECF Nos. 10, 11.) That sequence satisfies the constitutional requirements articulated by the Third Circuit.

Petitioner's present challenge does not identify any procedural deficiency in the hearing itself. Instead, it targets the Immigration Judge's discretionary decision to impose a $35,000 bond. But the reasonableness of any given detention is highly fact-specific. *See Diop*, 656 F.3d 221, 232, 234 (explaining that due process requires a case-by-case inquiry into the necessity of continued detention). And once a constitutionally adequate bond hearing is provided, the ultimate custody determination—including the setting of bond—remains committed to the discretion of the agency. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (recognizing that "[t]he Attorney General's discretionary judgment regarding [bond hearings for

3

aliens in removal proceedings] shall not be subject to review" and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.")

To grant the relief Petitioner seeks would require this Court to second-guess the Immigration Judge's weighing of factors and substitute its judgment for that of the agency. That is not the role of a habeas court. The Court's function is to ensure that the detention comports with due process—not to manage the outcome of a bond determination once proper procedures have been afforded.

Nor does Petitioner's "*de facto* denial" argument alter this conclusion. While the Court does not discount the practical impact of a high bond amount, the Third Circuit has not held that due process requires federal courts to reassess bond amounts or evaluate ability to pay in this posture. Absent binding authority extending habeas review to the substance of bond conditions, the Court declines to expand its jurisdiction in that manner.

In sum, because Petitioner received the process that was constitutionally required—and specifically ordered by this Court—Petitioner's Motion to Enforce must be denied. Any challenge to the amount of bond set by the Immigration Judge must be raised through the appropriate administrative channels, including appeal to the Board of Immigration Appeals.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS** on this 21st day of April, 2026,

**ORDERED** that Petitioner's Motion to Enforce Judgment (ECF No. 11) is **DENIED**; and it is further

**ORDERED** that the Court finds Respondents have complied with the March 23, 2026

4

Order (ECF No. 9) by providing Petitioner with a constitutionally adequate bond hearing; and it is further

      **ORDERED** that the Clerk of Court is directed to **CLOSE** this case.

Hon. Karen M. Williams,
United States District Judge